IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GALION COMMUNITY HOSPITAL, | ) | CASE NO.:  1:08 CV 1635 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| THE HARTFORD LIFE AND ACCIDENT | ) | MEMORANDUM OPINION |
| INSURANCE COMPANY, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on several Motions. Specifically, before the Court are a Motion to Compel Discovery or Alternatively for *In Camera* Review of Documents Identified on Defendants' Privilege Log filed by Plaintiff (ECF # 46), a Motion for a Protective Order or, in the Alternative, to Bifurcate Plaintiff's Bad-Faith Claim and Stay Discovery filed by Defendant Hartford Life and Accident Insurance Company (ECF # 55), and a Motion to Join the Motion for a Protective Order or, in the Alternative, to Bifurcate Plaintiff's Bad-Faith Claim and Stay Discovery filed by Defendants National Benefit Resources, Inc. and DCG Resource Options, LLC (ECF # 47). Also pending before the Court is a Motion to Strike Plaintiff's Opposition to the Motion for a Protective Order or, in the Alternative, to Bifurcate Plaintiff's Bad-Faith Claim and Stay Discovery filed by Defendants National Benefit Resources, Inc. and DCG Resource Options, LLC (ECF # 129).

## I. BACKGROUND

On January 20, 2009, Plaintiff filed an Amended Complaint against the Hartford Life and Accident Insurance Company ("Hartford"), OptumHealth Specialty Benefits ("OptumHealth"), National Benefit Resources, Inc. ("National Benefit"), and DCG Resource Options, LLC ("DCG

Resources"). (ECF # 17.) In the Amended Complaint, Plaintiff alleges that it entered into a Stop Loss Insurance Agreement (the "Stop Loss Insurance Agreement") with Hartford, which provided for individual stop loss coverage. (*Id.* at ¶ 8.) It is also alleges that it entered into a Rider for Advance Reimbursement (the "Advance Reimbursement Rider") which formed a part of the Stop Loss Agreement. (*Id.*) Plaintiff alleges that, although the original agreement was limited to a one-year period, it entered into a series of Amendatory Riders (the "Amendatory Riders") with Hartford, adding the effective dates of January 1, 2005, January 1, 2006, and January 1, 2007. (*Id.* at ¶¶ 8-9.)

Plaintiff claims that, on or before December 31, 2007, Medical Benefits Administrators, Inc., the third-party administrator retained by Plaintiff and approved by Defendant Hartford to process claims for benefits under the Stop Loss Insurance Agreement, submitted more than $600,000.00 in stop loss claims and advance reimbursement claims for payment. (*Id.* at ¶¶ 13, 17.) Plaintiff maintains that such claims were properly and timely submitted in accordance with the terms of the Stop Loss Insurance Agreement. (*Id.* at ¶ 17.) Plaintiff alleges that, subsequent to January 1, 2008, Defendant Hartford and one or more of Defendants acting as an agent of and/or on behalf of Defendant Hartford, improperly denied the stop loss claims and advance reimbursement claims. (*Id.* at ¶ 18.)

Plaintiff attempts to bring six causes of action relating to the denial of its stop loss claims and advance reimbursement claims. The claims also relate to an alleged termination of the Stop Loss Insurance Agreement without proper notification to Plaintiff. In particular, in Counts I and II, Plaintiff attempts to bring claims for breach of the Stop Loss Insurance Agreement against Defendant Hartford. (*Id.* at ¶¶ 21-25, 26-28.) In Count III, Plaintiff alleges that Defendants

OptumHealth, National Benefit, and DCG Resources tortiously interfered with the Stop Loss Insurance Agreement. (*Id.* at ¶¶ 29-32.) In Count IV, Plaintiff attempts to set forth a bad faith claim against all Defendants. (*Id.* at ¶¶ 33-38.) In Count V, Plaintiff alleges conversion of its funds. (*Id.* at ¶¶ 39-42.) Finally, in Count VI, Plaintiff alleges civil conspiracy. (*Id.* at ¶¶ 43-46.)

On December 16, 2009, Plaintiff filed a Motion to Compel Discovery or Alternatively for *In Camera* Review of Documents Identified on Defendants' Privilege Log. (ECF # 48.) Defendant Hartford and Defendants National Benefit and DCG Resources filed briefs opposing Plaintiff's Motion. (ECF # 48, ECF # 49.) On December 23, 2009, Defendant Hartford filed a Motion for a Protective Order or, in the Alternative, to Bifurcate Plaintiff's Bad-Faith Claim and Stay Discovery. (ECF # 55.) On the same day, Defendants National Benefit and DCG Resources filed a Motion to Join the Motion for a Protective Order or, in the Alternative, to Bifurcate Plaintiff's Bad-Faith Claim and Stay Discovery. (ECF # 47.) Plaintiff filed an Opposition to the Motions on January 11, 2010. (ECF # 125.)

## II. DISCUSSION

As an initial matter, for good cause shown, the Motion to Join the Motion for a Protective Order or, in the Alternative, to Bifurcate Plaintiff's Bad-Faith Claim and Stay Discovery filed by Defendants National Benefit and DCG Resources is GRANTED. (ECF # 47). Defendants National Benefit and DCG Resources shall be joined in Defendant Hartford's Motion. (ECF # 55.)

In the Motion to Compel, Plaintiff seeks production of documents from Hartford, National Benefit, and DCG Resources, which are identified on Defendants' privilege logs,

-3-

pursuant to Federal Rule of Civil Procedure ("Rule") 37. (ECF # 46 at 1, 12.) Alternatively, Plaintiff requests that the documents be submitted to the Court for *in camera* inspection. (*Id.* at 12.) Plaintiff contends that, even if Defendants can demonstrate that such documents fall within the attorney-client privilege, Defendants are not entitled to withhold such documents from discovery under the reasoning of *Boone v. Vanliner Insurance Co.*, 91 Ohio St. 3d 209 (2001). (*Id.* at 13.)

In *Boone*, the Ohio Supreme Court allowed an insured to discover claims file materials containing attorney-client communications, where the action alleged bad faith denial of coverage and the documents involved coverage and were created prior to the denial of coverage. *Boone*, 91 Ohio St.3d at 209, syllabus. The Supreme Court summarized its holding as follows:

> we hold that in an action alleging bad faith denial of insurance coverage, the insured is entitled to discover claims file materials containing attorney-client communications related to the issue of coverage that were created prior to the denial of coverage. At that stage of the claims handling, the claims file materials will not contain work product, i.e., things prepared in anticipation of litigation, because at that point it has not yet been determined whether coverage exists. Of course, if the trial court finds that the release of this information will inhibit the insurer's ability to defend on the underlying claim, it may issue a stay of the bad faith claim and related production of discovery pending the outcome of the underlying claim.

*Id.* at 213-14. Thus, the Supreme Court's ruling allowed the disclosure of attorney-client communications in certain circumstances, but it not provide for the disclosure of work product. *Id.*

As Defendant Hartford explains, however, the Ohio General Assembly's action subsequent to *Boone* effectively limited the Supreme Court's decision. (ECF # 48 at 4.) That is, the pertinent statute is amended as follows:

R.C. 2317.02. Privileged communications.

> The following persons shall not testify in certain respects:
>
> * * * *
>
> (A)(2) An attorney, concerning a communication made to the attorney by a client in that relationship or the attorney's advice to a client, except that if the client is an insurance company, the attorney may be compelled to testify, subject to an *in camera* inspection by a court, about communications made by the client to the attorney or by the attorney to the client that are related to the attorney's aiding or furthering an ongoing or future commission of bad faith by the client, if the party seeking the disclosure of the communications has made a prima facie showing of bad faith, fraud, or criminal misconduct by the client.

(*Id.* at 4-5 (quoting R.C. 2317.02).) The General Assembly made its intent to protect the attorney-client privilege quite clear, declaring:

> that the attorney-client privilege is a substantial right and that it is the public policy of Ohio that all communications between an attorney and a client in that relation are worthy of the protection of privilege, and further that where it is alleged that the attorney aided or furthered an ongoing or future commission of insurance bad faith by the client, that the party seeking waiver of the privilege must make a prima facie showing that the privilege should be waived and the court should conduct an *in camera* inspection of disputed communications. The common law established in *Boone v. Vanliner Ins. Co.* (2001), 91 Ohio St.3d 209, *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, and *Peyko v. Frederick* (1986), 25 Ohio St.3d 164, is modified accordingly to provide for judicial review regarding the privilege.

(*Id.* at 5.) Thus, Plaintiff is required to make a prima facie showing that the privilege should be waived. *See id.*

The Court has reviewed the record thoroughly in this case. In doing so, the Court finds that Plaintiff has failed to make a prima facie showing that the attorney-client privilege should be waived. Because Plaintiff has failed to make such a showing, Plaintiff's Motion to Compel Discovery and Motion for an *In Camera* Review of Documents is DENIED. (ECF # 46.) Further, Defendant Hartford's Motion for a Protective Order or, in the Alternative, to Bifurcate Plaintiff's Bad-Faith Claim and Stay Discovery, in which Defendants National Benefit and DCG

Resources have joined, and the Motion to Strike Plaintiff's Opposition to the Motion for a Protective Order or, in the Alternative, to Bifurcate Plaintiff's Bad-Faith Claim and Stay Discovery are DENIED as MOOT. (ECF # 55, ECF # 129.)

### III. CONCLUSION

The Motion to Join the Motion for a Protective Order or, in the Alternative, to Bifurcate Plaintiff's Bad-Faith Claim and Stay Discovery filed by Defendants National Benefit and DCG Resources is GRANTED. (ECF # 47). Defendants National Benefit and DCG Resources are joined in Defendant Hartford's Motion. (ECF # 55.) Further, Plaintiff's Motion to Compel Discovery and Motion for an *In Camera* Review of Documents is DENIED. (ECF # 46.) Defendant Hartford's Motion for a Protective Order or, in the Alternative, to Bifurcate Plaintiff's Bad-Faith Claim and Stay Discovery, in which Defendants National Benefit and DCG Resources have joined, and the Motion to Strike Plaintiff's Opposition to the Motion for a Protective Order or, in the Alternative, to Bifurcate Plaintiff's Bad-Faith Claim and Stay Discovery are DENIED as MOOT. (ECF # 55, ECF # 129.)

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: January 29, 2010